UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.P.,<br><br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 22-cv-00947-VKD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 21 |

Olinsky Law Group ("OLG"), counsel for plaintiff J.P.,[1] moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) after J.P. prevailed on her claim of disability before the Social Security Administration ("SSA") and was awarded past-due benefits. Dkt. No. 21. OLG seeks an award of $11,100 for the firm's work in representing J.P. before this Court. *Id.* For the reasons discussed below, the Court grants OLG's motion.

**I. BACKGROUND**

This case arises out of plaintiff J.P's application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*; 1381 *et seq.*. Before any dispositive motions were filed, the parties stipulated to a voluntary remand. Dkt. No. 16. The Court approved the parties' stipulation, remanded the matter to the SSA, and awarded $1,255.12 in attorneys' fees to OLG under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Dkt. Nos. 17, 20.

---

[1] Because opinions by the Court are more widely available than other filings this order refers to the plaintiff only by her initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil L.R. 5-1(c)(5)(B)(i).

On remand, J.P. prevailed on her claim for disability benefits and received an award of $120,088.90 in past due benefits. Dkt. No. 21-3 at 7 (Ex. B).[2] The SSA informed J.P. that it is withholding $30,024.18 of her past-due benefits for the possible payment of attorneys' fees. *Id.* at 6.

Pursuant to a contingency fee agreement between J.P. and OLG, "[OLG] has the right to ask the court to award 25% of [J.P.'s] past-due benefits . . . for representing [J.P.] in federal court." Dkt. No. 21-2 at 2. OLG now seeks attorneys' fees in the amount of $11,100 pursuant to 42 U.S.C. § 406(b) and the fee agreement with J.P. Dkt. No. 21-1 ¶ 7. This amount represents approximately 9.2% of J.P.'s past-due benefits award.

The record indicates that OLG served a copy of its motion on J.P. by certified mail on September 26, 2023. *See* Dkt. No. 21-8. The Court has received no objection or any other response from J.P. The Commissioner filed a timely response to OLG's motion. Dkt. No. 23. It takes no position the reasonableness of OLG's requested fee, but suggests that if the Court orders payment of fees under § 406(b), it should separately order OLG to refund J.P. the EAJA award of $1,255.12. *Id.* at 4.

## II.   DISCUSSION

When a court renders judgment favorable to a social security claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). Section 406(b) applies only to fees for representation in federal court—a separate provision allows

---

[2] OLG states that the amount of past-due benefits is $120,096.72. Dkt. No. 21-1 ¶ 4.

the SSA to award fees for representation in agency proceedings. *See* 42 U.S.C. § 406(a); *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Here, OLG has demonstrated that the requested fees are reasonable for the services rendered. Its contingency fee agreement with J.P. provides for fees within the 25% limit imposed

3

1  by § 406(b). Dkt. No. 21-2 (Ex. A). Moreover, OLG successfully pursued J.P.'s appeal in this
2  Court and obtained a favorable result in which J.P. will receive over $100,000.00 in past-due
3  benefits dating back to 2018, even after OLG's fees are subtracted. Dkt. No. 21-1 ¶ 4; Dkt. No.
4  21-3 at 4, 7 (Ex. B). Nothing in the record suggests that OLG's performance was substandard, or
5  that it engaged in dilatory conduct in order to increase the amount of fees to be awarded. *See*
6  *Crawford*, 586 F.3d at 1148.

7        OLG's time records, which the Court has reviewed as an aid to the assessment of the
8  reasonableness of the requested fee, indicate that the firm's attorneys and paralegals spent only a
9  combined 7.4 hours working on J.P.'s case while it was in this Court, as the Commissioner
10 stipulated to a voluntary remand in advance of briefing on dispositive motions. Dkt. No. 21-1 ¶¶
11 10-11. Dkt. No. 21-4 (Ex. C). If all timekeepers are counted, OLG's requested hourly rate is
12 $1,500. *Id.* ¶ 10. If only the 3.1 hours of attorney time is considered, the requested hourly rate
13 exceeds $3,000. Dkt. No. 21-5 (Ex. D). These effective hourly rates are high, but, as discussed
14 above, *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of
15 fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149. They are also
16 not out of line with what other courts in this district have approved. *See, e.g.*, *Spina v. Kijakazi*,
17 No. 19-CV-05171-BLF, 2023 WL 3977666, at *1 (N.D. Cal. June 13, 2023) (approving a fee
18 award with an effective hourly rate of $2,344.56). The $11,100.00 in fees that OLG requests
19 amounts only to 9.2% of J.P.'s past due benefits—significantly less than the 25% permitted by the
20 contingent fee agreement. Dkt. No. 21-1 ¶¶ 10-11. Moreover, the Court recognizes that OLG
21 assumed a risk of not recovering fees by representing J.P. on a contingency basis. *See Hearn v.*
22 *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a
23 reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is
24 working pursuant to a reasonable contingency contract for which there runs a substantial risk of
25 loss.").

26       Accordingly, the Court finds that the requested fees are reasonable. OLG's motion for fees
27 therefore is granted.
28

**III.   CONCLUSION**

Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted.  The Court awards $11,100.00 in fees to OLG.  OLG shall refund to J.P. the $1,255.12 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: October 25, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge